THOMAS, Judge,
dissenting.
I respectfully dissent as to the affir-mance of the trial court’s award of postmi-nority educational support. On October 4, 2013, our supreme court released Ex parte Christopher, 145 So.3d 60 (Ala.2013), in which our supreme • court expressly overruled Ex parte Bayliss, 550 So.2d 986 (Ala.1989). In overruling Bayliss, our supreme court specifically held that,
- “[although [this] decision does not affect final orders of postminority educational support already entered, our overruling of Bayliss is applicable to all future cases. Further, this decision also applies to current cases where no final postminority-support order has been entered or where an appeal from a post-minority-support order is still pending.”
Christopher, 145 So.3d at 72 (emphasis added).
In August 2011, Gaynor Jones (“the mother”) .filed a petition in the Montgom *338 ery Circuit Court seeking an award of postminority educational support for the parties’ son. The trial court entered an order on April 26, 2013, granting the petition seeking an award of postminority educational support. However, that order was not a final judgment because it did not specify an amount or a percentage of post-minority educational support for which Gerald Van Jones (“the father”) was to be responsible. Despite that fact, the father appealed the order in September 2013, after his motion seeking reconsideration of the April 2013 order was denied. After discovering the jurisdictional defect, this court reinvested the trial court with jurisdiction to enter an order specifying an amount or percentage of postminority educational support, which the trial court did on April 18, 2014. Thus, at the time Christopher was decided, this case was on appeal in this court and no final judgment awarding postminority educational support had been entered.
As I explained in my special writing in Morgan v. Morgan, 183 So.3d 945, 960 (Ala.Civ.App.2014) (Thomas, J., concurring in part and concurring in the result in part), the above-quoted language in Christopher plainly states that the holding in Christopher is applicable to any case in which an appeal of a postminority-edu-cational-support order was pending at the time the supreme court’s opinion in Christopher was released. Furthermore, our supreme court clearly stated that the holding in Christopher applied “to current cases where no final postminority-support order has been entered.” 145 So.3d at 72 (emphasis added). The Christopher opinion does not place an obligation on a party to have raised the issue of the constitutionality of awarding postminority educational support in the trial court. Therefore, based on the supreme court’s holding in Christopher that “the child-custody statute does not authorize a court in a divorce action to require a noncustodial parent to pay educational support for children over the age of 19,” 145 So.3d at 72, I would reverse the judgment of the trial court ordering the father to pay postminority educational support.